CHIEF JUSTICE GRAY,
specially concurring.
¶62 I concur in the Court’s Opinion. I write separately to address the foregoing Dissent’s reliance on State v. Riggs, 2005 MT 124, 327 Mont. 196, 113 P.3d 281, and DuBray v. State, 2008 MT 121, 342 Mont. 520, 182 P.3d 753. In my view, both cases are readily distinguishable on their procedural facts and, therefore, also inapplicable on the law. I premise my concurrence, however, on a much more fimdamental-indeed, fatal-flaw in relying on Riggs and DuBray.
¶63 The United States Supreme Court has held that, “before a federal *551 constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt.” See Chapman v. California, 386 U.S. 18, 24, 87 S. Ct. 824, 828 (1967). Implicit in this standard is the premise that a constitutional error is harmful on its face, unless shown to be otherwise. Indeed, the Supreme Court pointed out that “the original common-law harmless-error rule put the burden on the beneficiary of the error either to prove that there was no injury or to suffer a reversal of his erroneously obtained judgment.” Chapman, 386 U.S. at 24, 87 S. Ct. at 828. Accordingly, the Supreme Court has stated that “[t]he State bears the burden of proving that an error passes muster under [the Chapman] standard.” Brecht v. Abrahamson, 507 U.S. 619, 630, 113 S. Ct. 1710, 1717 (1993).
¶64 This Court is not required to march lockstep with pronouncements of the United States Supreme Court if Montana’s Constitution provides greater protection than is guaranteed by the United States Constitution. We are required, however, to guarantee the minimum rights established by the United States Constitution. See State v. Martinez, 2003 MT 65, ¶ 51, 314 Mont. 434, ¶ 51, 67 P.3d 207, ¶ 51. As a result, we simply cannot-in the face of a violation of the constitutional right to be present at critical stages-ignore the Supreme Court’s determination that the State bears the burden of proving that a constitutional error passes muster under the Chapman standard.
¶65 Finally, the Dissent’s concern over the burden placed on the State here is, in my view, somewhat excessive. The “burden” being placed in this case is, first, on defense counsel to stop purporting to waive the rights of the accused being represented and, instead, to insist on the presence of the client. The burden is placed, secondarily, on the trial court to stop allowing such nonchalant waivers. If counsel for the accused and for the State work to ensure that criminal defendants are present at critical stages, the State will not face any additional burden at all.
JUSTICES COTTER, NELSON and LEAPHART join in the foregoing special concurrence of CHIEF JUSTICE GRAY.